IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CESAR ZAUL DOMINGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> ENVISION ORTHOPEDICS AND SPINE, LLC, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:23-cv-2980-SEG-JKL |

## ORDER

In this single plaintiff employment discrimination case, Plaintiff Cesar Zaul Dominguez is proceeding *pro se* and *in forma pauperis*. The case is before the Court on Plaintiff's "Motion to Proceed Case Management Conference/Trial," in which he appears to request that the Court either direct the parties to hold their Rule 26(f) conference or hold a scheduling conference itself. [Doc. 25.]

By way of background, Plaintiff instituted this action in July 2023. [Doc. 1.] After he was ordered to replead to correct various pleading deficiencies [*see* Doc. 2], Plaintiff filed an amended complaint naming some combination of Spine Center Atlanta and/or Envision Orthopedic and Spine as defendants [*see* Doc. 4 at 11, 13, 15 ¶ 4]. Then, in October 2023, Plaintiff completed summons to be served on

"Spine Center Atlanta (Envision Orthopedics and Spine)." [Doc. 10.] Defense counsel Alex Kaufman executed and returned the waiver of service form solely on behalf of Defendant Spine Center of Atlanta, LLC. [*See* Doc. 12.] Still, when Mr. Kaufman appeared in the case, he appeared and filed a motion to dismiss or for a more definite statement on behalf of both Defendant Spine Center of Atlanta, LLC and "Envision Orthopedic and Spine, LLC d/b/a Spine Center of Atlanta." [*See* Docs. 13, 14, 15.] Defendants' request for a motion definite statement was granted [Doc. 22], and Plaintiff filed a more definite complaint naming Envision Orthopedic and Spine, LLC as the sole defendant in March 2024 [Doc. 23].

Although the naming conventions of the two entities is admittedly confusing, both Defendants' motion and the Court's order on it observed that Spine Center of Atlanta, LLC ("Spine Center") and Envision Orthopedic and Spine, LLC ("Envision") are separate corporate entities, and that Plaintiff had only served process upon Spine Center. [*See* Doc. 13 at 4; *see also* Doc. 22 at 7-8.] Of course, what that means is Plaintiff's more definite complaint—that is, the operative complaint in this case—still has not been served on Envision. And until Envision has been served, the deadline for answering or otherwise responding to the complaint has not yet been triggered, nor has any deadline for conducting the Rule 26(f) conference. As such, Plaintiff's motion is **DENIED**. [Doc. 25.]

2

Nevertheless, it remains the case that Plaintiff is proceeding *in forma pauperis*, and pursuant to 42 U.S.C. § 1915(d), he is entitled to having the Court "issue and serve all process." The Clerk is therefore **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form, and to return one of each for Defendant Envision (hereinafter, simply "Defendant") to the Clerk of Court within thirty (30) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include a Notice of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), a Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first-class postage for use by Defendant for return of the waiver form, one (1) copy of Plaintiff's complaint docketed at entry 23, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and the summons.

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to Defendant. Defendant has a duty to avoid unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshals Service a service package for Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of Plaintiff's complaint. Upon receipt of the service package, the U.S. Marshals Service is **DIRECTED** to personally serve Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant or their counsel a copy of every additional pleading or other document that is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant

or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED TO KEEP** the Court and Defendant advised of his current address, telephone number, and email address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

IT IS SO ORDERED this 5th day of June, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge